# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOSEPH E. LEROSE, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A. and NEWREZ, LLC d/b/a Shellpoint Mortgage Servicing. <br><br> Defendants. | CAUSE NO.: 2:19-CV-376-TLS-APR |

**OPINION AND ORDER**

The matter before the Court is a Stipulation of Dismissal with Prejudice [ECF No. 19] filed on December 18, 2019, by Plaintiff Joseph E. LeRose and Defendant Wells Fargo Bank, N.A. The filing, citing Federal Rule of Civil Procedure 41(a)(1)(A)(ii), only seeks dismissal of the claims against Defendant Wells Fargo Bank.

Stipulated dismissals under Rule 41(a)(1)(A)(ii) do not require judicial approval. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (stating that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared"); *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007) (noting that a voluntary dismissal under Rule 41(a)(1) is effective upon the filing of the stipulation); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985) ("Rule 41(a)(1)(A)(ii) requires that the stipulation be filed in court, and the date of filing is the date the dismissal takes effect."). However, Rule 41(a) speaks in terms of dismissing an "action" but does not mention the dismissal of individual claims, *see Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 776 (7th Cir. 2001) (noting that Rule 41(a)(1) speaks in terms of dismissing an action, not a claim), and thus does not apply here because

Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing did not join in the Stipulation and the claims asserted against Defendant NewRez remain pending.

In *Gatling v. Nickel*, 275 F.R.D. 495, (E.D. Wis. 2011), the district court invoked Rule 41(a)(2) to dismiss individual claims—but not the entire action—pursuant to a stipulation of the parties. The *Gatling* court noted the general consensus that Rule 41(a) provides for the voluntary dismissal of an action as opposed to individual claims. *Gatling*, 275 F.R.D. at 496. However, the court further stated:

> Rule 41 contemplates, more generally, a court's power to dismiss individual claims. Further, the cases which prohibit dismissal of individual claims under Rule 41(a) have tended to do so in an adversarial context, that is for example, the defendant opposed dismissal or the plaintiff attempted to characterize a dismissal as voluntary on appeal. It would seem needlessly constraining, where Rule 41 otherwise contemplates dismissal of individual claims, to prohibit the dismissal of individual claims under Rule 41(a) where both parties have stipulated to such. Thus, the court is satisfied that it has the power to enter an order in this situation.

*Gatling*, 275 F.R.D. at 496.

Based upon the reasoning of *Gatling*, the Court concludes that it has the power to enter an order pursuant to Rule 41(a)(2) to dismiss the claims against Defendant Wells Fargo Bank. As such, in the interest of judicial efficiency, the Court will construe the Stipulation of Dismissal with Prejudice [ECF No. 19] filed pursuant to Rule 41(a)(1)(A)(ii) as a request for dismissal pursuant to Rule 41(a)(2).

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998) (noting the trial court's discretion under Rule 41(a)(2)). Unless the Court states otherwise, dismissal pursuant to Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2). In this case, however, the Plaintiff is seeking to dismiss Defendant Wells Fargo Bank with prejudice because they have reached a

settlement agreement. Defendant NewRez did not object or otherwise respond to the Plaintiff's request to dismiss Defendant Wells Fargo Bank, and the opportunity to do so has passed. Accordingly, the Court finds that dismissing Defendant Wells Fargo Bank with prejudice is "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). This is especially true because (1) the Plaintiff seeks to dismiss Defendant Wells Fargo Bank with prejudice and (2) no Defendant has objected or otherwise responded to this request.

## CONCLUSION

Having construed the Stipulation as a request for a Court order to dismiss Defendant Wells Fargo Bank, N.A., the Court, pursuant to Federal Rule of Civil Procedure 41(a)(2), GRANTS the dismissal [ECF No. 19] of the claims against Defendant Wells Fargo Bank, N.A. with prejudice. As a result, the Court VACATES its December 19, 2019 docket entry that recognized the parties' Rule 41(a)(1)(A)(ii) dismissal. The Clerk of Court is DIRECTED to remove the "TERMED" case flag from the electronic docket and restore the case as pending as to Defendant NewRez, LLC.

SO ORDERED on January 23, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT